IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL G. NEWAGO,

                Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, DR. LIU,
HSU MANAGER MAASSEN, RN KRISTINE PRALLE,
SGT. MITCHELL KUNHART, SGT. MCCLIMANS,
and C.O. ANDREW HELLAND,

                Defendant.

OPINION and ORDER

19-cv-757-jdp

---

This case was closed on January 6, 2020, because pro se plaintiff and prisoner Michael G. Newago failed to respond to the court's previous order directing him to identify which of two lawsuits he wanted to pursue under this case number. Dkt. 7. Since then, Newago has filed three motions with the court, asking that the case be reopened. Dkts. 9–11. He says that he was transferred to a different institution and only recently received the court's orders. He also states that he wants to proceed in separate cases with both of the two lawsuits I identified previously.

I will grant Newago's motions to reopen the case. In accordance with Newago's instructions, I will assign case number 19-cv-757-jdp to Newago's claims that he was denied adequate medical treatment and accommodations for his chronic hip pain. I will screen those claims under 28 U.S.C. § 1915A below, and I will permit him to proceed on claims under the Eighth Amendment, Wisconsin negligence law, and Rehabilitation Act. Finally, I will assign case number 20-cv-199-jdp to Newago's claims about being denied medical care after vomiting blood. Newago will have to submit the filing fee or a motion without prepayment of the filing fee before I will screen his claims relating to his vomiting blood.

## ALLEGATIONS OF FACT

Newago alleges the following facts regarding his hip pain, which I will accept as true for purposes of screening the complaint.

Newago is incarcerated at Jackson Correctional Institution. He has had severe hip pain for many years, and he struggles to walk, bend, shower, clip his nails, wash, and dress himself. Newago uses a wheelchair to get around, but his arms are too weak to roll himself. The prison provides Newago with someone to push him to and from his appointments, but the prison does not provide someone to push Newago within his housing unit. The prison also does not provide someone to help Newago with his daily hygiene. Newago frequently smells filthy because he does not have help maintaining his hygiene. Because Newago can receive a conduct report for smelling offensive, he avoids small rooms with other people. Newago also says that his hip pain prevents him from attending recreation, chapel, re-entry services, alcohol and drug treatment, and Native American religious services. Newago has asked defendants Dr. Liu and health services manager Maassen for a helper in the housing unit, but they dismissed the idea and told Newago that he would be transferred to a facility that provides more help. Newago has not been transferred, so Newago has been paying inmates to help him.

Since June 2019, Newago has sought additional treatment for his hip pain. Throughout June, July, and August 2019, Newago complained to defendants Dr. Liu, nurse Kristine Pralle, and Maassen that his hip pain was severe, that he could not stand or get into and out of his wheelchair on his own, and that his current medications were not relieving his pain. Defendants declined to prescribe any additional pain medication for Newago, and they have refused to refer Newago to an orthopedic specialist.

ANALYSIS

Newago brings claims against defendants Dr. Liu, nurse Kristine Pralle, and health services manager Maassen under the Eighth Amendment, Wisconsin negligence law, and the Rehabilitation Act.

A. Eighth Amendment

To state a claim based on deficient medical care under the Eighth Amendment, Newago must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The first element, an objectively serious medical condition, is one that a doctor recognizes as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371–73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Newago alleges that he has severe hip pain that affects his daily activities. These allegations would establish that Newago has an objectively serious medical condition.

The second element, an official's deliberate indifference, relates to the official's subjective state of mind. *Arnett*, 658 F.3d at 750. A plaintiff must allege that an official knew of and disregarded a substantial risk of harm. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Because Newago alleges that he received some care for his medical condition, including pain medication and a wheelchair, he must allege facts suggesting that defendants Liu, Pralle, and Maassen knowingly pursued an ineffective course of treatment and that their actions were

a substantial departure from accepted professional judgment. *See Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019); *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Newago's allegations suggest Liu, Pralle, and Maassen know of and disregarded a substantial risk of harm to Newago. Newago's allegations suggest that these defendants knew that Newago was in extreme pain, but that they persisted in a course of treatment that they knew was ineffective. Therefore, Newago's allegations suggest that Liu, Pralle, and Maassen acted with deliberate indifference to his hip pain.

Newago should know that a defendant can be liable under 42 U.S.C. § 1983 only if the defendant was personally responsible for the deprivation of the constitutional right. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). This means that the defendant must have been in a position to provide or order the medical treatment that Newago thinks he was entitled to. Health services manager Maassen and nurse Pralle cannot be liable for any of Dr. Liu's treatment decisions unless they had authority to overrule Liu's decisions, refer Newago to a specialist themselves, or prescribe a different course of treatment. *Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012) ("[D]efendants cannot be [held liable under the Eighth Amendment] if the remedial step was not within their power.").

## B. Wisconsin negligence

Because Newago has stated a federal-law claim, the court can exercise supplemental jurisdiction over his negligence claims under 28 U.S.C. § 1367. Under Wisconsin law, all claims of negligence, including medical malpractice, require the same four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. *Paul v. Skemp*, 2001

4

WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860; *Gil v. Reed*, 381 F.3d 649, 658 (7th Cir. 2004). Newago alleges that Liu, Pralle, and Maassen owed him a duty of care and breached that duty by failing to provide him adequate treatment for his hip problems, resulting in severe pain for Newago. Newago's allegations are sufficient to state a negligence claim against Liu, Pralle, and Maassen.

**C. Rehabilitation Act**

Newago contends that defendants Liu, Maassen, and Wisconsin Department of Corrections violated the Rehabilitation Act. To state a claim under the Rehabilitation Act, Newago must allege that he is a qualified person with a disability and that he was denied access to a program or activity because of his disability. *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012).

Newago's allegations satisfy this standard. He alleges that his hip pain is a disability, because it limits his ability to walk, stand, bend, and manage his daily hygiene. *See* 42 U.S.C. § 12102 ("disability" is a physical or mental impairment that substantially limits one or more major life activities, including walking, standing, bending, and caring for oneself). He also alleges that he has been denied participation in activities at the prison because of his disability, including recreation, religious activities, re-entry services and treatment programs. Therefore, Newago may proceed on his claim under the Rehabilitation Act. But the DOC itself is the only appropriate defendant for his Rehabilitation Act claim. *See Jaros*, 684 F.3d at 670 ("[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act."). Accordingly, Newago may proceed against DOC, but he may not proceed with his Rehabilitation Act claim against Liu or Maassen.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael G. Newago's motions to reopen this case, Dkts. 9–11, are GRANTED.

2. Case number 19-cv-757-jdp is assigned to Newago's claims that he was denied adequate medical treatment and accommodations for his chronic hip pain.

3. Newago is GRANTED leave to proceed in case number 19-cv-757-jdp on his claims that (1) defendants Dr. Liu, Kristine Pralle, and Maassen violated his rights under the Eighth Amendment and state negligence law by failing to provide him adequate treatment for his hip pain; and (2) Wisconsin Department of Corrections violated his rights under the Rehabilitation Act by failing to provide him reasonable accommodations for his hip pain.

4. Newago is DENIED leave to proceed on any other claim in 19-cv-757-jdp.

5. Case number 20-cv-199-jdp is assigned to Newago's claims that he was denied medical care after vomiting blood.

6. Newago may have until March 26, 2020, to submit the $400 filing fee for case number 20-cv-199-jdp or file a motion for leave to proceed in forma pauperis in that case.

7. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on defendants. Plaintiff should not attempt to serve defendants on his own at this time. Under the agreement, the Department of Justice will have 60 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's complaint if it accepts service for defendants.

8. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff learns the name of the lawyer or lawyers who will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

9. Plaintiff should keep a copy of all documents for his own files. If he is unable to use

a photocopy machine, he may send out identical handwritten or typed copies of his documents.

10. If plaintiff is transferred or released while this case is pending, it is plaintiff's obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

Entered March 6, 2020.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge